UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS LEON RUSK,

                Petitioner,

v.

CHRIS DOSCOTCH,

                Respondent.

CASE NO. 2:25-CV-2118-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: December 17, 2025

Petitioner Nicholas Leon Rusk filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 4-1. Having reviewed the Petition, the Court finds this matter should be dismissed without prejudice and a certificate of appealability not be issued. The Court also recommends the application to proceed *in forma pauperis* ("IFP") (Dkt. 4) be denied.

**I.**     **Background**

Petitioner filed the § 2254 petition with this Court on October 14, 2025. Dkt. 1. On November 18, 2025, Petitioner filed an application to proceed IFP. Dkt. 4. In the Petition, Petitioner states he is in custody in Illinois facing state criminal charges. Dkt. 4-1 at 1. He states

REPORT AND RECOMMENDATION - 1

there has been no judgment of conviction and no sentence. *Id*. At this time, Petitioner appears to be in pretrial detainee at the Lake Behavioral Hospital in Tazewell County, Illinois.

**II.     Discussion**

"28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). In contrast, 28 U.S.C. § 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such as pretrial detention or awaiting extradition. *Id.* at 1006; *see also Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (Section 2241's general grant of habeas authority is available to someone who is not in custody pursuant to a state court judgment, such as someone in a criminal trial or awaiting extradition).

Here, Petitioner does not allege he is currently in custody pursuant to a final judgment of a state court. Thus, Petitioner may not proceed under § 2254, but may proceed with a habeas action in federal court under 28 U.S.C. § 2241. In the interest of judicial economy, the Court will construe the Petition as one brought under § 2241.

Jurisdiction of a petition for a writ of habeas corpus under § 2241 lies either in the district of physical confinement or in the district in which a custodian against whom the petition is directed is present. *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976). When the petitioner names a respondent who is beyond the district court's territorial jurisdiction, the Court generally lacks personal jurisdiction to consider the petition. *See Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999). Further, "venue considerations may, and frequently will,

argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973). The preferable forum for a § 2241 habeas petition is the district of confinement. *See McCoy*, 537 F.2d at 966; *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum for § 2241 petition is district where petitioner confined).

Here, Petitioner has named an Illinois state court judge as the respondent and the proper respondent would be the individual that has custody over Petitioner, presumably a director at Lake Behavioral Hospital -- Petitioner's place of confinement. Petitioner is also in custody in Illinois. Thus, it does not appear this Court has jurisdiction over this case. Further, even if the Court has jurisdiction, venue is proper in Illinois. In fact, it is unclear what connection Petitioner has with the Western District of Washington, if any.

This Court lacks jurisdiction to hear this case. Further, Petitioner states he has filed other federal petitions and a search of PACER (Public Access to Court Electronic Records) indicates Petitioner has filed multiple cases. *See Rusk v. Trump*, Case No. 1:25-cv-13417 (N.D. Ill.); *Rusk v. Tazewell County*, Case No. 1: 25-cv-1224-MMM (C.D. Ill.). Therefore, the Court finds that dismissing the Petition rather than transferring it to the Central District of Illinois is proper.

### III. Certificate of Appealability

A state prisoner who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) in order to challenge process issued by a state court. *Wislon v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

§ 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El. v. Cockrell,* 537 U.S. 322, 327 (2003). Under this standard, Petitioner is not entitled to a certificate of appealability. If Petitioner believes the Court should issue a certificate of appealability, he should set forth his reasons in his objections to this Report and Recommendation.

## IV. Conclusion

For the above stated reasons, the Court recommends the Petition be dismissed without prejudice, a certificate of appealability not be issued, and the application to proceed IFP (Dkt. 4) be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 17, 2025**.

Dated this 26th day of November, 2025.

David W. Christel
United States Magistrate Judge